UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21389-DPG

FORIS DAX, INC. d/b/a CRYPTO.COM

    Plaintiff,

v.

KAREEM KHAJA

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, FORIS DAX, INC. d/b/a CRYPTO.COM ("Foris") sues KAREEM KHAJA ("Defendant"), and alleges as follows:

### I.  INTRODUCTION

1. This action seeks to recover from the damage caused by Defendant. First, Defendant failed to pay for cryptocurrency he purchased in the amount of $75,293.86. Second, Defendant also operated a three-fold fraudulent scheme, using multiple financial institutions, and involving purposefully insufficient bank funds, fraudulent credit card chargebacks, and fraudulent ACH chargebacks, whereby the parties' contract was only incidental to Defendant's actions. Defendant intended to defraud Foris prior to the parties' contractual relationship, and made willful false representations with the intent to deprive Foris of its property. As a result of this scheme Foris' damages exceed $75,293.86.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this removed dispute pursuant to 28 U.S.C. § 1332(a). There is complete diversity between the parties and the amount in controversy exceeds $75,000.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1441(a) and 1446(a) based upon the venue for the initial complaint.

4. All conditions precedent to the filing of this lawsuit have been performed, have occurred, or have been waived.

## III. PARTIES

5. Foris DAX, Inc. d/b/a Crypto.com ("Company" or "Foris" or "Plaintiff"), is a Delaware corporation with its registered principal place of business with the State of Florida at 804 S. Douglas Road, Suite 375, Coral Gables, FL 33134.

6. Foris is a United States virtual currency platform registered with FinCEN and complies with all local regulations in the States where it operates. Foris provides digital asset services to its customers, including the ability to purchase, sell, store, and send cryptocurrencies, via the Foris Mobile App ("the App").

7. The App allows users to connect their Foris accounts to third-party banks in order to initiate transfers of fiat currencies (held in digital "Fiat Wallets" made available on the App) in order to facilitate the purchase of cryptocurrencies. The App also allows users to purchase digital assets using the App through the use of a credit card.

8. KAREEM KHAJA ("Defendant") is an individual with a principal address of 42026 Guardfish Way, Brampton, VA 20148 who created an account with Foris on November 26, 2021.

## IV. SUBSTANTIVE ALLEGATIONS

### A. The Parties Entered into a Contract When Defendant Created a Foris Account and Agreed to Terms and Conditions

9. One of the preconditions to opening a Foris account was the requirement to accept Foris' Terms and Conditions. *See* **Exhibit 1**.

10. Through the Terms and Conditions, Defendant agreed to indemnify and hold Foris harmless from "any first-party or third-party claim or demand (including attorneys' fees and any fines, fees or penalties imposed by any governmental or regulatory authority) arising out of or related to" Defendant's breach of the Terms and Conditions. *See* Ex. 1 at ¶ 15.1.

11. Pursuant to the Terms and Conditions, Defendant also agreed not to:

   a. "Use the Foris App…to perform illegal, unlawful or immoral activities… (including but not limited to … fraudulent activities)." Ex. 1 at ¶ 6.2(b).

   b. "Engage in other activities deemed inappropriate by [Foris] or that is in contravention of …any Applicable Laws." *Id.* at ¶ 6.2(m); and

   c. "Provide false, inaccurate, incomplete or misleading information to Foris or any of its Affiliates or third-party service providers." *Id.* at ¶ 6.2(n).

12. Defendant also represented that "all information provided…to [Foris], its affiliates, and any of [its] third-party service providers [would be] always complete, accurate, and up-to-date in all respects." *Id.* at ¶ 5.4.4.

13. Finally, Defendant agreed "to use the Foris App Services in good faith" and to "use [her] utmost integrity in all [her] dealings with Foris and in [his] use of Foris App Services." *Id.* at ¶ 6.1.

### B. Defendant Purchases Cryptocurrency But Does Not Pay For It

3

14. After Defendant created his Foris account, Defendant made multiple transactions whereby he sought to purchase various cryptocurrencies.

15. Each transaction to purchase cryptocurrency disclosed the price in advance.

16. Defendant agreed to pay for the cryptocurrency as part of agreeing to complete each transaction.

17. However, Defendant never intended to pay for the cryptocurrency.

18. Thus, although Defendant initially provided funds to pay for the cryptocurrency in the amount of $75,293.86, he subsequently took back the funds used to pay for the cryptocurrency, and as a result did not pay for that cryptocurrency and breached the contract.

19. As a result of Defendant's breach, Defendant obtained a windfall by receiving $75,293.86 worth of cryptocurrency without paying for them.

20. Foris also requests its attorney's fees and costs in accordance with the Terms and Conditions.

**C.     Defendant Executes a Three Fold Fraudulent Scheme and Steals $75,293.86**

21. As explained below, Defendant participated in a three-fold fraudulent scheme. As part of the scheme, Defendant tested Foris' security to determine which theft he could get away with. Through his scheme, Defendant received all the funds used to purchase cryptocurrency, $75,293.86, the cryptocurrency itself, and caused other damages to Foris.

22. Although there existed a contract between the parties, it was only incidental to Defendant's actions. Defendant intended to defraud Foris prior to the parties' contractual relationship, and made willful false representations with the intent to deprive Foris of its property

23. First, Defendant attempted to defraud Foris with an insufficient fund scheme.

24. At the relevant time period, Foris allowed customers to use its services to deposit fiat funds or purchase cryptocurrencies before the debit of the customer's bank account occurred

25. As part of Defendant's scheme he initiated large transfers from two banks to his custodial account with Foris, used Foris' pre-credit to purchase cryptocurrency but then removed that cryptocurrency from his custodial account with Foris, and then Defendant removed the queued funds from his banks, causing an insufficient funds error. Defendant's insufficient fund scheme caused Foris to advise Defendant that if Defendant did not cover the insufficient funds error, Foris would liquidate Defendant's then-existing assets to cover the repayment.

26. Second, Defendant attempted to defraud Foris with credit card chargebacks. After Defendant used his credit card to purchase cryptocurrency, he initiated chargebacks with the issuer fraudulently alleging that the purchases were not legitimate. Foris was permitted to respond to the chargebacks, and Defendant's chargebacks were rejected.

27. Third, Defendant attempted to defraud Foris with ACH chargebacks. Defendant initiated transfers from two banks to his custodial account with Foris, purchased cryptocurrency, removed that cryptocurrency from his custodial account with Foris, and then initiated a chargeback, fraudulently alleging that the transfers were not legitimate. Foris was not permitted to respond, Defendant received full reimbursement from the two banks, and Foris was required to settle the unauthorized returns with Defendant's two banks in the amount of $75,293.86.

28. Defendant's incoming transfers from his third-party banks to his Foris Fiat Wallet, along with his credit card purchases for cryptocurrency are identified in the table below as **Table 1**. The total amount deducted due to the ACH chargebacks total $75,293.86 (the "USD Transfers").

| # | Transaction ID | Date | Institution | Amount | Note |
|---|---|---|---|---|---|
| ACH-1A | 620135817 | Mon, 04 Apr 2022 14:28:49 GMT | Navy Federal Credit Union | $15,000.00 | Incoming |
| ACH-2A | 620284441 | Mon, 04 Apr 2022 15:51:54 GMT | Navy Federal Credit Union | $6,300.00 | Incoming |
| ACH-3A | 622802093 | Tue, 05 Apr 2022 14:41:04 GMT | Navy Federal Credit Union | $6,000.00 | Incoming |

| | | | | | |
|---|---|---|---|---|---|
| **ACH-4A** | 623816360 | Wed, 06 Apr 2022 00:57:11 GMT | Navy Federal Credit Union | $9,999.00 | Incoming |
| **ACH-5A** | 624028228 | Wed, 06 Apr 2022 01:48:28 GMT | Navy Federal Credit Union | $21,000.00 | Incoming |
| **ACH-6A** | 624050772 | Wed, 06 Apr 2022 02:09:23 GMT | Navy Federal Credit Union | $9,000.00 | Incoming |
| **ACH-5B** | 624028228 | Fri, 08 Apr 2022 | Navy Federal Credit Union | -$21,000.00 | Insufficient Funds |
| **ACH-7A** | 630223512 | Fri, 08 Apr 2022 15:52:55 GMT | Navy Federal Credit Union | $3,000.00 | Incoming |
| **CC1** | 682905653 | Tue, 03 May 2022 15:11:38 GMT | Credit Card | $5,279.25 | Incoming |
| **CC2** | 683846381 | Wed, 04 May 2022 01:45:16 GMT | Credit Card | $1,758.74 | Incoming |
| **CC3** | 685159447 | Wed, 04 May 2022 20:19:16 GMT | Credit Card | $6,137.40 | Incoming |
| **CC4** | 686042896 | Thu, 05 May 2022 04:45:19 GMT | Credit Card | $5,519.19 | Incoming |
| **ACH-8A** | 688176477 | Fri, 06 May 2022 12:32:08 GMT | Truist | $7,500.00 | Incoming |
| **ACH-9A** | 688273063 | Fri, 06 May 2022 13:52:47 GMT | Truist | $3,000.00 | Incoming |
| **CC5** | 703703589 | Sat, 14 May 2022 04:49:26 GMT | Credit Card | $1,560.39 | Incoming |
| **ACH-10A** | 696609999 | Wed, 11 May 2022 12:34:32 GMT | Truist | $3,000.00 | Incoming |
| **ACH-11A** | 696745048 | Wed, 11 May 2022 13:28:49 GMT | Truist | $3,300.00 | Incoming |
| **ACH-12A** | 696873725 | Wed, 11 May 2022 14:19:51 GMT | Truist | $6,000.00 | Incoming |
| **ACH-13A** | 697457162 | Wed, 11 May 2022 19:18:18 GMT | Truist | $1,820.00 | Incoming |
| **ACH-14A** | 698422427 | Thu, 12 May 2022 02:02:06 GMT | Navy Federal Credit Union | $3,000.00 | Incoming |
| **ACH-15A** | 703612600 | Sat, 14 May 2022 02:16:21 GMT | Navy Federal Credit Union | $4,500.00 | Incoming |
| **ACH-12B** | 696873725 | Tues, May 17, 2022 | Truist | -$6,000.00 | Insufficient Funds |
| **ACH-1B** | 620135817 | Wed, May 25 2022 | Navy Federal Credit Union | -$15,000.00 | Customer Advises Not Authorized |
| **ACH-2B** | 620284441 | Wed, May 25 2022 | Navy Federal Credit Union | -$6,300.00 | Customer Advises Not Authorized |

6

| ACH-3B | 622802093 | Wed, May 25 2022 | Navy Federal Credit Union | -$6,000.00 | Customer Advises Not Authorized |
| --- | --- | --- | --- | --- | --- |
| ACH-4B | 623816360 | Wed, May 25 2022 | Navy Federal Credit Union | -$9,999.00 | Customer Advises Not Authorized |
| ACH-6B | 624050772 | Wed, May 25 2022 | Navy Federal Credit Union | -$9,000.00 | Customer Advises Not Authorized |
| ACH-7B | 630223512 | Wed, May 25 2022 | Navy Federal Credit Union | -$3,000.00 | Customer Advises Not Authorized |
| ACH-14B | 698422427 | Wed, May 25 2022 | Navy Federal Credit Union | -$3,000.00 | Customer Advises Not Authorized |
| ACH-15B | 703612600 | Wed, May 25 2022 | Navy Federal Credit Union | -$4,500.00 | Customer Advises Not Authorized |
| ACH-8B | 688176477 | Wed, June 8, 2022 | Truist | -$7,500.00 | Customer Advises Not Authorized |
| ACH-9B | 688273063 | Wed, June 8, 2022 | Truist | -$3,000.00 | Customer Advises Not Authorized |
| ACH-10B | 696609999 | Wed, June 8, 2022 | Truist | -$3,000.00 | Customer Advises Not Authorized |
| ACH-11B | 696745048 | Wed, June 8, 2022 | Truist | -$3,300.00 | Customer Advises Not Authorized |
| ACH-13B | 697457162 | Wed, June 8, 2022 | Truist | -$1,820.00 | Customer Advises Not Authorized |

29.     Following each purchase Defendant made hundreds of exchanges between cryptocurrency assets which cannot be comprehensively visualized in a table such as in the above, however, the USD Transfers were used to purchase $75,293.86 in cryptocurrency (the "Digital Assets").

30.     The nature of blockchain transactions and the transfer of the Digital Assets by the Defendant is such that, once sent, the assets cannot be clawed back or reversed. Accordingly, when

Defendant transferred the Digital Assets off of Foris' platform, Foris had no ability to reverse the transfer.

31. As a result of Defendant's fraudulent scheme and attempt to game the system, Defendant obtained a windfall by receiving $75,293.86 worth of Digital Assets without paying for them.

32. However, this three-fold fraudulent scheme caused Foris greater damages, in the form of the amount to settle the unauthorized returns ($75,293.86), plus working hours wasted of lost employee time responding to the credit card chargebacks, ACH insufficient funds error, and ACH chargebacks, credit reputation due to the increase in basis points under NACHA rules which is a factor for termination of banking partner relationship, and the market risk in liquidating assets. Pursuant to Florida's civil theft statute Foris seeks threefold damages.

33. Foris requests its attorney's fees and costs, as well as treble damages pursuant to Florida's civil theft statute (Count III).

## COUNT I: BREACH OF CONTRACT

34. Foris incorporates and re-alleges paragraphs 2 through 20 as if fully set forth herein.

35. The Terms and Conditions constitute a binding contract between the parties. *See* Ex. 1 at ¶1.4.

36. Under the Terms and Conditions, Defendant agreed to pay for cryptocurrency that he purchased from Foris.

37. Defendant materially breached the Terms and Conditions when he did not pay for cryptocurrency.

38. Foris suffered damages as a result of Defendant's breach, and attorney's fees and costs pursuant to Clause 15.1 of the contract.

WHEREFORE, Foris demands judgment against Defendant for damages sustained by Foris as a result of Defendant's breach of contract, including, but not limited to actual damages, compensatory damages, reasonable attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT II: UNJUST ENRICHMENT**

39. This count is pled in the alternative to Count I.

40. Foris incorporates and re-alleges paragraphs 2 through 8, and 21 through 32 as if fully set forth herein.

41. When Foris was required to relinquish funds to the third-party banks, which were ultimately transferred to Defendant, Foris conferred a benefit on Defendant in the amount of $75,293.86.

42. Defendant voluntarily accepted and retained the benefit.

43. While accepting the transfer of reimbursement funds from the third-party bank, Defendant also retained possession of the Digital Assets it had purchased through the App, knowingly obtaining a windfall at Foris' expense.

44. Foris made a demand for the return of the funds, and Defendant to date has refused to return them.

45. Alternatively, no demand is required because such demand is futile.

46. Defendant has no legal or equitable claim to retain both the reimbursed funds and the Digital Assets, and by doing so Defendant has been unjustly enriched, and Foris has suffered damage.

47. Foris has no adequate remedy at law.

WHEREFORE, Foris demands judgment against Defendant for the value of the benefit conferred, including, but not limited to, actual damages, compensatory damages, and such other and further relief as this Court deems just and proper.

### COUNT III: CIVIL THEFT
### (Section 772.11, Florida Statutes)

48. Foris incorporates and re-alleges paragraphs 2 through 8, and 21 through 33 as if fully set forth herein.

49. This is a cause of action for civil theft against Defendant, pursuant to Section 772.11, Florida Statutes.

50. Section 812.014, Florida Statutes states that "a person commits theft if he or she knowingly obtains or uses … the property of another with intent to … deprive the other person of a right to the property … [or to] appropriate the property to his or her own use…"

51. Section 812.12, Florida Statutes, defines the term "property" to mean "anything of value," and includes monetary currency.

52. As described below and in the incorporated general allegations, Defendant made fraudulent representations in order to deprive Foris of property.

53. Defendant initiated transfers of funds from Defendant's third party financial institution to Foris. After Foris credited Defendant's Foris account with those funds, and before Foris was able to debit Defendant's bank account, Defendant used the funds to purchase cryptocurrency. After the funds were converted into cryptocurrency Defendant created an insufficient balance in his bank account to settle the amounts used to purchase the cryptocurrency. Defendant used the credited funds to purchase cryptocurrency with the intent to not pay for them and exploitatively and irreversibly transferred some of the cryptocurrency to an external

cryptocurrency wallet that Defendant controlled and which was outside Foris' supervision or control.

54. Defendant also purchased cryptocurrency with his credit card. However, here too, Defendant's intention was not to pay for them. He initiated fraudulent credit card chargeback disputes for this purpose.

55. For bank transfers which were not reversed due to insufficient funds, Defendant also intended to reverse those transactions as well, despite using the funds to purchase cryptocurrency. These purchases, Defendant never intended to pay for.

56. In initiating the fraudulent ACH disputes, the fraudulent insufficient fund disputes, and the fraudulent credit card chargeback disputes, Defendant sought to defraud Foris and use its property.

57. Through the fraudulent ACH disputes, Defendant did in fact knowingly obtain, retain, and used Foris' property, which included the Digital Assets. Defendant had knowledge that the property belonged to Foris.

58. Defendant acted with felonious intent in exploiting Foris by irreversibly transferring all of his cryptocurrency (including the Digital Assets he fraudulently purchased) to a wallet outside of Foris' control while intending to reverse the transaction with the institution. In initiating the fraudulent disputes, Defendant acted with the felonious intent to permanently deprive Foris of its right to and benefit from the property and/or to appropriate the property to the Defendant's own use.

59. In executing Defendant's fraudulent scheme, Defendant falsely induced Foris with the intent to deprive Foris of its property.

60. In executing Defendant's fraudulent scheme, Defendant knowingly obtained, retained, and used Foris' property, which includes the Digital Assets valued at $75,293.86. Defendant had knowledge that the property belonged to Foris.

61. In executing Defendant's fraudulent scheme, Defendant acted with the felonious intent to permanently deprive Foris of its right to and benefit from the property and/or to appropriate the property to the Defendant's own use.

62. As a direct result of Defendant's fraudulent scheme, Defendant used and deprived Foris of the property despite the fact that Defendant was not entitled to the use or retention of the property.

63. Due to Defendant's fraudulent scheme, Foris was unable to recover the same amount of funds that Defendant had previously used to purchase Digital Assets.

64. Defendant's civil theft of the property is separate and distinct from the parties' contractual arrangement, Defendant fraudulently induced Foris to enter into the contract, and the contract was only incidental to Defendant's felonious scheme as described herein.

65. Defendant's three fold scheme was independent, separate from Defendant's contractual obligation to pay for the cryptocurrency.

66. As described herein Defendant took affirmative and intentional acts of converting the funds to his own use.

67. Pursuant to Section 772.11, Florida Statutes, Foris provided Defendant with a pre-suit demand for treble damages on June 3, 2024, attached as **Exhibit 2** (excluding the demand's exhibits).

68. Defendant failed to comply with the pre-suit demand within thirty (30) days of receipt of the demand.

69. As a direct, proximate, and foreseeable result of the foregoing, Foris suffered damages.

WHEREFORE, Foris demands judgment against Defendant for any and all damages sustained by Foris including, but not limited to actual damages, treble damages, reasonable attorneys' fees and costs, compensatory damages, and such other and further relief as this Court deems just and proper.

### COUNT IV: CONVERSION

70. This count is pled in the alternative to Count I.

71. Foris incorporates and re-alleges paragraphs 2 through 8, and 21 through 32 as if fully set forth herein.

72. In initiating the fraudulent scheme, Defendant knowingly obtained and retained fraudulently purchased Digital Assets and used funds that Foris credited him to purchase Digital Assets originally valued at $75,293.86 while subsequently removing the funds from his bank account that Foris would have debited as payment for the purchased Digital Assets.

73. Defendant had direct knowledge that the property belonged to Foris because Defendant had purchased the assets from the App.

74. In initiating the three fold fraudulent scheme and transferring Digital Assets off the Foris App, Defendant acted with the intent to either temporarily or permanently deprive Foris of its right to and benefit from the property and/or appropriate the property to the Defendant's own use.

75. Defendant exercised a positive, overt act or acts of dominion or authority over the money or property in question, which was inconsistent with and adverse to the rights of Foris.

76. As described herein Defendant took affirmative and intentional acts of converting the funds to his own use. Defendant's actions are separate and distinct from the parties' contractual arrangement, and Defendant's three fold scheme was independent, separate from Defendant's contractual obligation to pay for the cryptocurrency.

77. As a direct, proximate, and foreseeable result of the foregoing, Foris suffered damages.

WHEREFORE, Foris demands judgment against Defendant for any and all damages sustained by Foris including, but not limited to actual damages, compensatory damages, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LALCHANDANI SIMON PL**
25 S.E. 2nd Avenue, Suite 1020
Miami, Florida 33131
(305) 999-5291 (office)
(305) 671-9282 (fax)

By: */s/ Kubs Lalchandani*
Kubs Lalchandani, Esq.
Florida Bar No. 63966
kubs@lslawpl.com
Daniel E. Davis, Esq.
Florida Bar No. 104970
ddavis@lslawpl.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF, which effectuated service on all counsel of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: */s/ Daniel E. Davis*
Daniel E. Davis