# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21389-DPG

FORIS DAX, INC. d/b/a CRYPTO.COM

       Plaintiff,

v.

KAREEM KHAJA

       Defendant.

_____/

## PLAINTIFF'S AFFIDAVIT OF LIQUIDATED DAMAGES

1.      My name is Justin Ferris, I am over the age of 18 and am of sound mind, capable of making this affidavit, and make this affidavit as the corporate representative of FORIS DAX, INC. d/b/a CRYPTO.COM ("Foris") and based upon its records.

2.      On November 26, 2021, KAREEM KHAJA ("Defendant") created an account with Foris.

3.      Under the Terms and Conditions, Defendant agreed to indemnify and hold Foris harmless from "any first-party or third-party claim or demand (including attorneys' fees and any fines, fees or penalties imposed by any governmental or regulatory authority) arising out of or related to" Defendant's breach of the Terms and Conditions.

4.      After Defendant created his Foris account, Defendant initiated numerous transfers whereby he sought to purchase various cryptocurrencies.

5.      Although each transaction to purchase cryptocurrency disclosed the price in advance and Defendant agreed to pay for such cryptocurrency when he agreed to complete each transaction, Defendant never intended to actually pay for the cryptocurrency.

1

6. While Defendant initially provided funds to pay for the cryptocurrency in the amount of $75,293.86, Defendant subsequently took back the funds used to pay for the cryptocurrency, and as a result did not pay for that cryptocurrency and breached the contract. Defendant kept the cryptocurrency and caused Foris to suffer $75,293.86 in damages.

7. By receiving a reimbursement without returning the cryptocurrency, Defendant also obtained a $75,293.86 windfall.

8. In addition, Defendant executed a three-fold fraudulent scheme with the intent to defraud Foris, deprive Foris of its property, and test Foris' security.

9. First, Defendant attempted to defraud Foris through an insufficient funds scheme. At the relevant time period, Foris allowed customers to deposit fiat funds or purchase cryptocurrencies with credited funds while the debit of the customer's bank account occurred. With that knowledge, Defendant initiated large transfers from two banks to his custodial account with Foris, used Foris' pre-credit to purchase cryptocurrency, removed that cryptocurrency from his custodial account with Foris, and then Defendant removed the queued funds to be debited from his banks, causing an insufficient funds error and resulting in Defendant's possession of both the cryptocurrency he purchased and the funds he agreed to pay to purchase such cryptocurrency.

10. Second, Defendant attempted to defraud Foris with credit card chargebacks. After Defendant used his credit card to purchase cryptocurrency, he initiated chargebacks with the issuer fraudulently alleging that the purchases were not legitimate. Foris was permitted to respond to the chargebacks, and Defendant's chargebacks were rejected.

11. Third, Defendant attempted to defraud Foris with ACH chargebacks. Defendant initiated transfers from two banks to his custodial account with Foris, purchased cryptocurrency, removed that cryptocurrency from his custodial account with Foris, and then initiated a

chargeback, fraudulently alleging that the transfers were not legitimate. Foris was not permitted to respond, Defendant received full reimbursement from the two banks, and Foris was required to settle the unauthorized returns with Defendant's two banks in the amount of $75,293.86.

12.     As a result of Defendant's fraudulent scheme and attempt to game the system, Defendant obtained a windfall by receiving $75,293.86 worth of Digital Assets without paying for them.

13.     However, this three-fold fraudulent scheme caused Foris greater damages, in the form of the amount to settle the unauthorized returns ($75,293.86), plus working hours wasted of lost employee time responding to the credit card chargebacks, ACH insufficient funds error, and ACH chargebacks, credit reputation due to the increase in basis points under NACHA rules which is a factor for termination of banking partner relationship, and the market risk in liquidating assets.

14.     Prior to the filing of the lawsuit, Foris sent a demand pursuant to Florida's civil theft statute, § 772.11, Fla. Stat.

15.     Defendant is also indebted to Foris for reasonable attorney's fees and costs incurred by Foris in bringing this action.

                                                              _____
                                                              Justin Ferris
                                              Risk Management Director, Foris DAX, Inc.

3

STATE OF TX

COUNTY OF SMITH

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☒ online notarization, this __12th__ day of __February__ 2026, by Justin Ferris in the capacity of corporate representative for Foris Dax, Inc. who ☒ is personally known or, ☐ produced the following identification: _____ and who being by me first duly sworn or affirmed and states under oath that the facts herein are true and correct to the best of his knowledge and belief.

_Karissa D Chavez_
(Signature of Notary Public)

Karissa D. Chavez
(Name of Notary Public)

08/25/2028
(Commission Expiration Date)

(NOTARY SEAL)



KARISSA D CHAVEZ
Notary ID #132641104
My Commission Expires
August 25, 2028

4